HEINZ et al. v. UNION RY. CO. OF NEW YORK CITY.

(Supreme Court, Appellate Term. May 19, 1904.)

1. STREET RAILROADS—CROSSINGS—COLLISION—VEHICLES—INJURY TO DRIVERS
—CONTRIBUTORY NEGLIGENCE.

    Plaintiff, while driving across a car track, stopped his truck squarely on the track with a car approaching him not more than 30 feet distant, to enable a loaded truck approaching him at right angles to pass ahead of him. Had plaintiff not stopped, he could have passed in front of the truck and cleared the car; and his only excuse for stopping was that the other truck was loaded, in consequence of which he stopped to give it the right of way. *Held*, that plaintiff was guilty of contributory negligence, precluding a recovery for injuries in a collision between his truck and the car.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Henry J. Heinz and others against the Union Railway Company of New York City. From a Municipal Court judgment in favor of plaintiffs, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

John R. Halsey, for appellant.
McBurney & McBurney, for respondents.

FREEDMAN, P. J. The plaintiffs recovered a judgment in this action for damages to a truck, occasioned by a collision with a car belonging to defendant. The truck was being driven through 156th street from the west towards Third avenue. It was hit by a car running south. The plaintiffs' main witness was the driver of the truck, whose account of the accident was as follows: He drove down 156th street with his horses on a walk. When he got to the corner he looked up the avenue for a car, but, owing to the stairs leading to the elevated railroad station, and a van that was standing near the curb, he could see but a short distance above the north crossing. There was no car in sight at that time. He continued on his way, and just before he drove

upon the westerly track he looked to the south, and saw another truck approaching from that direction, and going north. This truck was then below 156th street, with the horse attached thereto on a walk. When the plaintiffs' driver had reached the south-bound or westerly track, with his horses on the north-bound track, and his truck directly on the south-bound track, he pulled up his horses and stopped to let the north-bound truck pass him. At this time he first saw a car approaching him about 30 feet away, which car subsequently struck the front wheel of his truck. If he had not stopped, he could have passed in front of the north-bound truck, for which he pulled up to allow it to pass him, and it was after he saw the approaching car that he stopped his horses.

This testimony on the part of the driver clearly shows that he was guilty of contributory negligence. He was in no manner prevented from continuing his course across and clear of the westerly car track. With a car approaching him, and distant about 30 feet, he deliberately stopped squarely upon the track to enable a truck to pass ahead of him, and which he himself says he could have gone in front of if he had not stopped. There was nothing to show but that if he had proceeded on his way he would have cleared the car. His only excuse for so stopping was: "His [meaning the other truck] was loaded. In consequence, I pulled up." The judgment must be reversed.

Judgment reversed. New trial ordered, with costs to the appellant to abide the event. All concur.